■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BUSH, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Leone, J.), rendered February 18, 1981, convicting him of robbery in the first degree (two counts), burglary in the second degree (two counts), assault in the first degree, assault in the second degree, unlawful imprisonment in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant argues that the police acted improperly in taking his palm print for investigatory purposes without a court order after he had been arrested on another matter. Directly on point is CPL 160.10 (2) (c); (3), which authorize a police officer to palm print a suspect arrested on any offense when the officer "[r]easonably suspects that such person is being sought by law enforcement officials for the commission of some other offense". Accordingly, *People v Moselle* (57 NY2d 97), relied on by defendant, is inapposite to the case at bar because the above-cited CPL section provides statutory authorization for the investigatory palm printing of a suspect legally in custody on another matter.

Defendant further argues that he was denied a fair trial because Criminal Term declined to inquire into the prosecution's reasons for its peremptory jury challenges after he objected that the peremptories were being used to exclude minority jurors. We reject this argument. In *Swain v Alabama* (380 US 202), the United States Supreme Court determined that a prosecutor is not required to disclose his reasons for excusing prospective jurors on defendant's mere allegation that the peremptories are being used to exclude minority jurors. Moreover, in *People v McCray* (57 NY2d 542, 544, *cert denied* 461 US 961), the Court of Appeals ruled that "nothing in our State Constitution or statutes * * * compels a departure from this holding of the Supreme Court".

We are not unmindful of the recent case of *McCray v Abrams* (750 F2d 1113, *reh denied* 756 F2d 277) wherein a divided panel of the Second Circuit ruled that the use of peremptories to eliminate blacks and Hispanics from a jury violates a defendant's right to an impartial jury under the 6th Amendment and that the process of selecting a jury is subject to constitutional scrutiny (*but see, United States v Jones,* 663 F2d 567, 572 [5th Cir 1981]; *United States v Thompson,* 730 F2d 82 [8th Cir 1984], *cert denied* — US —, 105 S Ct 443). However, even under the majority opinion in *McCray v Abrams* (*supra,* at pp 1131-1132), a defendant is initially required to make a prima facie showing that the "group alleged to be excluded is a cognizable group in the community and * * * there is a substantial likelihood that the challenges leading to this exclusion have been made on the basis of the individual venirepersons' group affiliation rather than because of any indication of a possible inability to decide the case on the basis of the evidence presented". Defendant at bar quite simply has failed to make out any such prima facie showing. Indeed, defendant's allegations as to minority exclusion are

belied by the record herein which reveals that the jury convicting him included one black and one Hispanic and there is some evidence that an alternate juror was black.

Thus, under both the decision of the New York Court of Appeals in *People v McCray* (*supra*), and the decision of the Second Circuit Court of Appeals in *McCray v Abrams* (*supra*), the defendant's arguments must be rejected and his conviction affirmed. Mollen, P. J., Bracken, O'Connor and Niehoff, JJ., concur.