■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY REYES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered December 17, 1982, convicting him of burglary in the first degree (two counts), sexual abuse in the first degree, attempted robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Upon review of the court's determination of the defendant's *Sandoval* motion, we find that the court did not abuse its

discretion when it allowed the prosecutor to ask the defendant if he had previously been convicted of burglary and rape *(see, People v Sandoval,* 34 NY2d 371). The defendant did not meet his burden of proving that the prejudicial effect of admitting the prior conviction would so outweigh its probative worth on the issue of credibility as to warrant its exclusion *(see, People v Bennette,* 56 NY2d 142; *People v Sandoval, supra,* p 378; *People v Sorgente,* 90 AD2d 559).

Viewing the facts in the light most favorable to the prosecution and giving the prosecution the benefit of every reasonable inference to be drawn therefrom, as we must *(see, People v Kennedy,* 47 NY2d 196; *People v Benzinger,* 36 NY2d 29), we conclude that the circumstantial evidence presented by the prosecution was sufficient to find the defendant guilty beyond a reasonable doubt.

As the defendant's claim that his attorney was ineffective *is* based on matters outside the record, it cannot be addressed on appeal but may be raised in a postjudgment motion pursuant to CPL 440.10 *(see, People v Leonard,* 102 AD2d 857).

The motion made by the defendant, after six of the venirepersons were selected, to discharge the jury panel on the ground that there were no Hispanics on the jury was properly denied *(see, Batson v Kentucky,* 476 US —, 90 L Ed 2d 69; *McCray v Abrams,* 750 F2d 1113, *reh denied* 756 F2d 277; *People v Bush,* 112 AD2d 1046).

As the defendant did not object to the presently complained-about portion of the prosecutor's summation at trial, that issue has not been preserved for appellate review as a matter of law. We decline to address it in the interest of justice. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.