■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELTON CAVINES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered May 14, 1984, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, and assuming that the jury credited the prosecution's witnesses and gave the prosecution's evidence the full weight that might reasonably be accorded it, the evidence adduced was sufficient to support a finding that the gun at issue was operable beyond a reasonable doubt.

The defendant did not meet his burden of proving that the prejudicial effect of permitting the prosecution to question him regarding a 1968 conviction for attempted manslaughter if he chose to testify far outweighed the probative worth of that evidence on the issue of his credibility (see, People v Sandoval, 34 NY2d 371; People v Reyes, 121 AD2d 575, lv denied 68 NY2d 917). Thus, the court's Sandoval ruling did not constitute an abuse of discretion.

The defendant's remaining contentions are unpreserved for appellate review (see, CPL 470.05 [2]; People v Vidal, 26 NY2d 249), and we decline to reach them in the interest of justice. Brown, J. P., Niehoff, Sullivan and Harwood, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SILVANA CICCARELLO, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Marano, J.), both rendered May 24, 1985, convicting her of criminal sale of a controlled substance in the second degree under indictment No. 3446/84, and criminal sale of a controlled substance in the second degree under indictment No. 3448/84, upon her pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mangano, J. P., Bracken, Niehoff, Kooper and Spatt, JJ., concur.