◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

MONA GRAVES, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rotker, J.), dated May 6, 1985, as granted that branch of the defendant's motion which was to dismiss counts one, two, three and five of indictment No. 687/85, charging the defendant with murder in the second degree (two counts), reckless endangerment in the first degree and criminal possession of stolen property in the second degree respectively.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion which was to dismiss the indictment is denied, counts one, two, three and five are reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

On February 1, 1985, at approximately 8:00 P.M., Lizette Germano was walking along Lefferts Boulevard in Queens County when she was run down and killed by an automobile driven by her former fiancé, codefendant Frank Johnston. In the passenger seat sat Johnston's girlfriend, the defendant Mona Graves.

The victim's father, who had witnessed the incident, testified before the Grand Jury that he heard screams, and then observed his daughter's head between the wheel and fender of the automobile driven by Johnston. He attempted to stop the offending vehicle by jumping onto the hood of the car and by shouting that his daughter was still underneath the vehicle. At this juncture, Mr. Germano heard the defendant exclaim "go faster". Johnston, the driver, abided by the defendant's commands and a 25-minute chase, involving several police vehicles, ensued. During this chase, Mr. Germano again attempted to stop the defendants; however, at one point, the defendant Graves shouted "get out of here". The police were ultimately able to apprehend the defendant and Johnston when their vehicle crashed into another automobile.

The defendant subsequently admitted that she had been with Johnston, in an automobile, on the date and approximate time in question. She further indicated that she had been in the area where Lizette was killed and that she had been involved in an accident. The defendant, however, did not provide any details regarding Lizette Germano.

The People further established that the offending vehicle had been owned by one K. J. Fitzpatrick and that neither the defendant nor Johnston had his consent or permission to take, operate, exercise control over or use his vehicle.

Contrary to the conclusions of Criminal Term, we find that there was legally sufficient evidence to connect the defendant to the charges contained in the indictment and we, therefore, reinstate those counts which were dismissed by Criminal Term. Viewing the evidence in the light most favorable to the People, as we must (see, People v Warner-Lambert Co., 51 NY2d 295, cert denied 450 US 1031), we find ample support for the conclusion that the defendant shared the requisite mental culpability and that she encouraged, importuned, commanded and assisted codefendant Johnston in the incident which resulted in the death of Lizette Germano. The defendant, as evidenced by her actions and comments, manifested an intent to cause the death of Ms. Germano. Moreover, she participated in a course of conduct which evinced a depraved indifference to human life and which was imminently dangerous thereby presenting a grave risk of death to others. The defendant, in addition, did not have permission or authority to take, use or otherwise exercise control over the vehicle which she and Johnston had utilized to commit murder. Mangano, J. P., Eiber, Kunzeman and Harwood, JJ., concur.