◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY TALIBON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Nastasi, J.), rendered July 9, 1985, convicting him of robbery in the third degree, grand larceny in the third degree, assault in the third degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence when viewed in a light most favorable to the People was legally sufficient to support the defendant's conviction (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932; People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We reject the defendant's contention that the evidence at trial was legally insufficient to establish that the complainant suffered "physical injury" in order to support a conviction of assault in the third degree (see, Penal Law § 120.00 [1]). Penal Law § 10.00 (9) defines "physical injury" as "impairment of physical condition or substantial pain". We find that the various injuries described by the complainant, including her inability to use her thumb for several months subsequent to the attack by the defendant, were sufficient to meet the statutory threshold (see, People v Greene, 70 NY2d 860; People v Bogan, 70 NY2d 860).

The defendant has failed to preserve for appellate review his contention raised pro se that the jury verdict was repugnant, since the objection was not raised until the time of sentencing (see, People v Alfaro, 66 NY2d 985; People v Satloff, 56 NY2d 745, rearg denied 57 NY2d 674). Moreover, we do not find any merit to that contention.

Finally, we have considered the remaining contentions raised in the defendant's pro se supplemental brief and find them to be without merit. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.