■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL M. GUERRERO, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered October 29, 1985, convicting him of attempted assault in the first degree, assault in the second degree, reckless endangerment in the first degree, criminal mischief in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The testimony of three prosecution witnesses established that Gilberto Gil, the proprietor of a grocery store, intervened in a fight between the defendant and another individual, which was taking place in front of his store. The defendant slapped or punched Gil and also threatened him. The defendant then entered his automobile, which was parked on the corner, and attempted to strike Gil with the vehicle. Gil tried to evade the path of the oncoming car but was hit in the hand. After striking another individual and causing damage to the facade of an adjacent barber shop, the defendant left the scene of the incident. He returned, approximately 10 minutes later, and drove his vehicle directly into Gil's grocery store, where several people had assembled during the defendant's 10-minute absence.

Although the defendant presented a different version of the facts and claimed that he was the victim of a mob attack, the jury chose to credit the testimony of the prosecution witnesses and we see no reason to disturb the jury's findings *(see, People v Garafolo,* 44 AD2d 86). The testimony elicited from these witnesses was sufficient to sustain the element of intent with

respect to the defendant's conviction for attempted assault in the first degree (Penal Law § 120.10 [1]; § 110.00), assault in the second degree (Penal Law § 120.05 [2]), criminal mischief in the second degree (Penal Law § 145.10), and criminal possession of a weapon which was elevated to a third degree offense by virtue of the defendant's prior conviction (Penal Law § 265.02 [1]). The evidence elicited by the prosecution was also sufficient to establish that the defendant recklessly engaged in conduct which not only evinced a depraved indifference to human life, but also created a grave risk of death to another person (see, Penal Law § 120.25; *People v Graves,* 131 AD2d 506). Therefore, the defendant's challenge to his conviction of reckless endangerment in the first degree must likewise be rejected.

Additionally, we note that the testimony of Mr. Gil, regarding the degree and duration of the pain resulting from the injury to his hand, as well as the impairment of its use, was sufficient to satisfy the statutory threshold of "physical injury" for purposes of the second degree assault conviction (Penal Law § 10.00 [9]; *People v Talibon,* 138 AD2d 426).

Accordingly, the judgment of conviction is affirmed. Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.