■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. FERO, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Suffolk County (D'Amaro, J.), both rendered January 26, 1988, convicting him of assault in the first degree and leaving the scene of an accident as a felony under indictment No. 1396/85, upon a jury verdict, and bail jumping in the second degree under indictment No. 1152/87, upon his plea of guilty, and imposing sentences.

Ordered that the judgment under indictment No. 1396/85 is modified, on the law, by reversing the conviction for assault in the first degree, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, that judgment is affirmed; and it is further,

Ordered that the judgment under indictment No. 1152/87 is affirmed.

The evidence adduced at trial, when viewed in the light most favorable to the People, established that during the early morning hours of August 22, 1985, the defendant was involved in an altercation outside a Bay Shore discotheque with several of the patrons. Two security guards from the discotheque came out to quell the melee, and when their efforts were unsuccessful, they drew their guns, threatening to shoot. At this point, the defendant sped off in an apparently rented van,

and ran into Charles Clarke, pinning him against a parked car. The defendant then fled the scene.

We agree with the defendant's contention that the evidence adduced was legally insufficient to support his conviction for assault in the first degree (see, Penal Law § 120.10 [1]). Specifically, the evidence adduced fails to establish beyond a reasonable doubt that the defendant acted intentionally when he caused Clarke's injuries. We note that the jury acquitted the defendant of assault in the first degree under Penal Law 120.10 (3), which occurs when the defendant, under circumstances evincing a depraved indifference to human life, recklessly engages in conduct which creates a grave risk of death to another.

Were we not to conclude that the evidence was legally insufficient to support the conviction for assault in the first degree, we would nonetheless reverse that conviction because the defendant was denied his right to cross-examine Clarke regarding statements he made in the context of a civil suit against Hertz Corporation indicating that he believed the defendant's conduct to be negligent (see, Larkin v Nassau Elec. R. R. Co., 205 NY 267; Ahmed v Board of Educ., 98 AD2d 736). This error does not affect the defendant's conviction for leaving the scene of an accident as a felony, however, as that offense does not require proof that the defendant acted intentionally as opposed to negligently (see, Vehicle and Traffic Law § 600 [2]). Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.