■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AZARIAH CAMPBELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered September 10, 1987, convicting him of assault in the second degree, resisting arrest, aggravated unlicensed operation of a motor vehicle in the second degree, reckless driving, and speeding, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After a seven-mile chase along the Sprain Brook Parkway and Route 287 in Westchester County, the defendant's vehicle was brought to a halt by a police roadblock. When the police attempted to arrest the defendant for various violations of the Vehicle and Traffic Law, he refused to exit his car. In an attempt to unlock the driver's door, one of the police officers thrust his hand into the defendant's partially opened window. The defendant, in response, started to close the window on the police officer's arm. The window was subsequently broken and the defendant, punching and kicking, was removed from the vehicle.

Contrary to the defendant's contentions, the evidence, when viewed in the light most favorable to the prosecution, was legally sufficient to support the conviction (see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Although the defendant asserts that the People failed to adduce sufficient proof of "physical injury", which is necessary to sustain a charge of assault in the second degree, we find that the police officer's testimony regarding the extent and duration of the pain, as well as his testimony concerning the limitation of use and discoloration of his arm, sufficed to show

that he suffered "physical injury" within the meaning of Penal Law § 10.00 (9) *(see, People v Lopez,* 156 AD2d 386; *People v McNair,* 147 AD2d 593; *People v Coward,* 100 AD2d 628).

We have examined the defendant's remaining contentions, including his challenge to the propriety of the sentence, and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.