■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH LAWSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered January 25, 1991, convicting him of robbery in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On May 4, 1990, at approximately 4:40 P.M., the defendant hid two packages of cured ham from the meat department of a Waldbaum's Supermarket in a bag. The complainant, an undercover security guard who suspected the defendant had committed a crime, confronted the defendant in the area between the store's exterior and interior doors. Upon the security guard's identification of himself, the defendant fled from the store and ran into the parking lot. When the security guard caught up to the defendant and tried to apprehend him, the defendant swung the bag of meat which weighed approximately 15 pounds, at the security guard's head. In the process of warding off the blow, the security guard sustained injuries to his right thumb and hand. In an effort to apprehend the defendant, a struggle ensued between the defendant and the security guard until backup help arrived.

Viewing the evidence adduced at the trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction. Although the defendant asserts that the People failed to adduce sufficient proof of "physical injury", which is necessary to sustain a charge of robbery in the second degree *(see,* Penal Law § 160.10 [2] [a]), we find that the placing of the complainant's thumb in a splint for four days, the loss of strength in his hand, and his testimony regarding the extent and duration of the pain sufficed to meet the statutory threshold of Penal Law § 10.00 (9) *(see, People v Campbell,* 157 AD2d 738; *People v Guerrero,* 150 AD2d 489; *People v Talibon,* 138

AD2d 426). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's further contention that the prosecution failed to prove that he used the physical force required to establish the crime of robbery within the meaning of Penal Law § 160.00 (1) has not been properly preserved for appellate review (see, People v Logan, 74 NY2d 859; People v Bynum, 70 NY2d 858). In any event, the evidence clearly shows that the defendant used physical force during the course of the larceny for the purpose of "preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking" (Penal Law § 160.00 [1]; see, People v Crespo, 158 AD2d 466; People v Washington, 148 AD2d 559; People v Johnstone, 131 AD2d 782).

Contrary to the defendant's contention, the trial court's charge as a whole fully and properly explained the concept of burden of proof (see, 1 CJI[NY] 6.05, at 244).

We find that the defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Lawrence, Copertino and Santucci, JJ., concur.