■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MOISE, Appellant. [605 NYS2d 345] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered January 14, 1992, convicting him of arson in the fourth degree, reckless endangerment in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of arson in the fourth degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

We find no improvident exercise of discretion in the trial court's *Sandoval* ruling that should the defendant choose to

testify, the prosecutor would be permitted to cross-examine the defendant regarding his prior felony convictions for rape and robbery, and the facts underlying those convictions. While the convictions were approximately 14 years old, this by itself does not mandate preclusion (see, People v Scott, 118 AD2d 881). The rape conviction and its underlying facts were probative of the defendant's credibility (see, People v Bennette, 56 NY2d 142, 148; People v Reyes, 121 AD2d 575, 576), and the robbery conviction was especially probative of the defendant's credibility because it involved an element of larceny (see, People v Brownlee, 193 AD2d 752). Moreover, the defendant failed to meet his burden of demonstrating that the prejudicial effect so outweighed the probative worth as to warrant exclusion of that evidence (see, People v Sandoval, 34 NY2d 371, 378).

We find that the trial court erred in failing to grant the defendant's request to charge the jury as to the affirmative defense to arson in the fourth degree. Penal Law § 150.05 (2) provides: "In any prosecution under this section, it is an affirmative defense that no person other than the defendant had a possessory or proprietary interest in the building or motor vehicle". Viewing the evidence in the light most favorable to the defendant, we find that the evidence adduced during the People's direct case, without objection, was sufficient to establish the affirmative defense that the defendant was the owner of the vehicle (see, Penal Law § 25.00; People v Butts, 72 NY2d 746, 749; Richardson, Evidence § 207 [Prince 10th ed]; People v Conklin, 102 AD2d 829).

The evidence, when viewed in the light most favorable to the People, was legally sufficient to support the jury's finding that the victim sustained "physical injury" within the meaning of Penal Law § 10.00 (9) and to establish the defendant's guilt beyond a reasonable doubt of assault in the third degree (see, People v Contes, 60 NY2d 620; Penal Law § 120.00). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Penal Law § 10.00 (9) provides: "9. 'Physical injury' means impairment of physical condition or substantial pain". The complainant testified that the defendant punched him in the eye, that he felt as if his thumb was broken that his fingernail was broken, and bleeding, and that he was in pain. The complainant was taken to the hospital, where his thumb was put in a splint. A certified copy of the complainant's hospital record was admitted into evidence. Pursuant to a doctor's advice, the complain-

ant did not return to work until four days after the incident because of his thumb injury. We find that the impairment of the physical condition of the complainant's thumb which caused his absence from work was sufficient to establish "physical injury" *(see, People v Lawson,* 184 AD2d 588; *People v Talibon,* 138 AD2d 426).

We have examined the defendant's remaining contention and find it to be without merit. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.