■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON DRCELIK, Appellant. [622 NYS2d 807] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Harbater, J.), rendered March 31, 1992, convicting him of attempted murder in the second degree and assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that purposeful racial discrimination by a prosecutor in the exercise of peremptory challenges is prohibited under the New York State and Federal Constitutions (see, People v Kern, 75 NY2d 638, cert denied 498 US 824; Georgia v McCollum, 505 US 42). Therefore, once a defendant makes a prima facie showing that the prosecutor exercised peremptory challenges on the basis of race, the prosecution is then required to articulate racially neutral reasons for striking the jurors in question (see, Batson v Kentucky, 476 US 79; Hernandez v New York, 500 US 352).

Contrary to the defendant's contention, his bare allegation that a number of white males were excluded during the jury-selection process is insufficient to establish, prima facie, a pattern of racially motivated peremptory challenges in the absence of a record demonstrating other facts or circumstances (see, People v Jenkins, 84 NY2d 1001). As a result, the defendant did not establish a pattern of purposeful exclusion of white males from the jury in order to raise an inference of racial discrimination (see, People v Childress, 81 NY2d 263; People v Bolling, 79 NY2d 317, 325). In any event, the prosecutor offered racially neutral explanations for the peremptory challenges that the defense challenged.

The defendant's remaining contentions are unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Miller, J. P., Thompson, Santucci and Joy, JJ., concur.