THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MURPHY ROBINSON, Appellant. [632 NYS2d 158] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered April 19, 1993, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends on appeal that the court committed reversible error when it repeatedly instructed the jury on his failure to testify, using language that exceeded the words of the statute *(see,* CPL 300.10 [2]; *People v McLucas,* 15 NY2d 167; *People v Mannery,* 151 AD2d 697). However, this issue is unpreserved for appellate review since the defendant's failure to object after each of the alleged improprieties deprived the court of an opportunity to respond *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, in light of the overwhelming evidence of guilt, there was no reasonable possibility that the alleged error contributed to the defendant's conviction. Thus, any alleged error was harmless *(see, People v McPherson,* 182 AD2d 714; *People v Kimbrough,* 134 AD2d 618).

There is no merit to the defendant's claim that the evidence of physical injury was legally insufficient to establish his guilt of robbery in the second degree beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we are satisfied that the evidence of "substantial pain" necessary to establish physical injury within the meaning of Penal Law § 10.00 (9) was legally sufficient. The victim testified that the defendant kicked and struck her while trying to steal her purse. As a result of the confrontation, the victim was unable to open her mouth properly for a week and still experienced pain in her back over a year after the incident. Based on these facts, the determination of the jury should not be disturbed *(see, People v Sloan,* 202 AD2d 525; *People v Dazi,* 195 AD2d 571; *People v Lawson,* 184 AD2d 588; *People v Brooks,* 155 AD2d 680; *People v Talibon,* 138 AD2d 426, 427).

The defendant's remaining contentions are without merit

*(see, People v Green,* 216 AD2d 581; *People v Suitte,* 90 AD2d 80). Sullivan, J. P., Rosenblatt, Thompson and Ritter, JJ., concur.