THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIN TAVERAS, Appellant. [638 NYS2d 117] —Appeal by the defendant from a judgment of the Supreme Court, Queens County

(Clabby, J.), rendered September 19, 1994, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A juror may be discharged if the juror is grossly unqualified to serve in the case or has engaged in misconduct of a substantial nature (CPL 270.35). The trial court is in the best position to assess the partiality of an allegedly biased juror *(see, People v Rodriguez,* 71 NY2d 214). During the lunch recess, shortly after the People's first witness left the witness stand, the witness asked a juror: "how did I do," to which the juror replied: "fine". The court questioned the witness and the juror regarding the exchange and the juror stated that his ability to be impartial would not be affected. Further, the juror had not communicated the conversation to other jurors. Under the circumstances, the alleged misconduct was not of such a substantial nature that the court was required to discharge the juror *(see, People v Buford,* 69 NY2d 290, 299).

Moreover, it was reasonable for the court to charge the jury regarding reckless endangerment in connection with the theory of "acting in concert". Penal Law § 20.00 imposes accessorial liability when a person intentionally aids another person to engage in conduct which constitutes an offense, while himself acting with the mental culpability required for the commission of that offense *(see, People v Flayhart,* 72 NY2d 737, 741). Penal Law § 120.25 defines the requisite mental culpability for the crime of reckless endangerment in the first degree as conduct which creates a grave risk of death to another person *(see, People v Robinson,* 43 AD2d 963). The evidence in the present case indicated that the defendant provided the codefendant with a loaded semi-automatic weapon when the codefendant asked for the weapon in a situation where two groups of men were arguing and there were many innocent people in the immediate vicinity. Further, the defendant testified that he knew people might be hurt if the codefendant shot the loaded gun. Thus, the defendant had the requisite mental culpability *(see, People v Graves,* 131 AD2d 506, 508).

The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]; *see, People v Udzinski,* 146 AD2d 245), or without merit. Mangano, P. J., Miller, Thompson and Joy, JJ., concur.