■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY LOWE, Appellant. [652 NYS2d 51] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered May 17, 1995, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. Justice McGinity has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the court did not

err in determining the respective *Batson* challenges raised by the prosecution and the defendant in this case.

It is incumbent upon the party mounting a *Batson* challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed (*see, People v Childress*, 81 NY2d 263, 268). In this case, the defendant completely failed to satisfy his obligation to articulate on the record a sound factual basis for his *Batson* claim against the prosecution's exercise of its peremptory challenges. In support of his *Batson* application, the defendant noted only that the prosecutor had exercised seven peremptory challenges against black venirepersons. In the absence of a record demonstrating other facts or circumstances supporting a prima facie case, the trial court correctly found that the defendant had failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see, People v Vidal*, 212 AD2d 553, 554; *People v Drcelik*, 212 AD2d 725). Furthermore, the jury that convicted the defendant included at least two black jurors (*see, People v Harper*, 124 AD2d 593; *People v Bush*, 112 AD2d 1046).

The defendant's further contention that the prosecutor failed to establish a prima facie case of purposeful discrimination as to the defendant's exercise of peremptory challenges during jury selection is unpreserved for appellate review. In any event, the record reveals that defense counsel proffered an explanation for peremptorily challenging a white juror without disputing the issue of whether a prima facie case had been established and the court ruled on the validity of the defendant's explanation (*see, People v Thomas*, 210 AD2d 515). Defense counsel's explanation was no more than a general denial of discriminatory purpose. Because the defendant failed to proffer a facially race-neutral reason for his challenge, the court did not err in seating the juror (*see, People v Payne*, 88 NY2d 172, 183).

The defendant's remaining contentions are either unpreserved for appellate review (*see*, CPL 470.05 [2]) or without merit. Miller, J. P., Altman, Krausman and McGinity, JJ., concur.