■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MORALES, Appellant. [666 NYS2d 34] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered June 10, 1996, convicting him of attempted aggravated assault on a police officer (two counts), attempted assault in the first degree (two counts), reckless endangerment in the first degree, unauthorized use of a vehicle in the first degree, unauthorized use of a vehicle in the second degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree, criminal mischief in the second degree (two counts), criminal mischief in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, to provide that the indeterminate terms of imprisonment imposed for the two counts of attempted aggravated assault on a police officer shall run concurrently with each other and with the other sentences imposed; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Contes,* 60 NY2d 620, 621; *People v Bracey,* 41 NY2d 296; *cf., People v Fero,* 156 AD2d 582). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490).

However, contrary to the People's contention, the imposition of consecutive indeterminate terms of imprisonment for the two counts of attempted aggravated assault on a police officer was improper (*see,* Penal Law § 15.00 [1]; § 70.25 [2]; *People v Laureano,* 87 NY2d 640; *People v Kirkwood,* 165 AD2d 881; *cf., People v Brathwaite,* 63 NY2d 839). Bracken, J. P., Thompson, Goldstein and Lerner, JJ., concur.