■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HARRISON, Also Known as MARCOS ALMONTE, Appellant. [677 NYS2d 794] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered December 12, 1996, convicting him of assault in the first degree (three counts), criminal possession of a weapon in the second degree, and reckless endangerment in the first degree under Indictment No. 354/96, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Rotker, J.), rendered December 12, 1996, as amended April 7, 1997, convicting him of assault in the first degree under Indictment No. 171/96, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lewis, J.), of that branch of the appellant's omnibus motion which was to suppress his statements to law enforcement authorities in connection with Indictment No. 354/96.

Ordered that the judgment rendered December 12, 1996, and the judgment rendered December 12, 1996, as amended, are affirmed.

Contrary to the defendant's contention, the statement he made to a detective while he was being transported to the precinct before he was advised of his *Miranda* rights was spontaneous and not a result of improper police interrogation. There was no reason for the detective to suspect that by answering the defendant's question as to why he was arrested, the defendant would give a response incriminating himself (*see, People v Lynes,* 49 NY2d 286, 295; *People v Webb,* 224 AD2d 464; *People v Hylton,* 198 AD2d 301).

Also unavailing is the defendant's contention that a juror should have been discharged as grossly unqualified because she had contact with a grand juror who was possibly familiar with the defendant's case. The juror unequivocally stated that she did not accept the grand juror's statements as fact and that his statements did not affect her ability to be fair and impartial. Further, as noted by the Supreme Court, the juror did not communicate the grand juror's statements to the other jurors and she did not have greater knowledge about the case than she had prior to her contact with the grand juror. The facts in this case do not meet the "grossly unqualified" standard as set forth in CPL 270.35 (*see, People v Buford,* 69 NY2d 290, 299-300; *People v Rosario,* 241 AD2d 502; *People v Taveras,* 224 AD2d 461, 462).

The defendant's remaining contentions regarding his conviction under Indictment No. 354/96 are either unpreserved for appellate review or without merit.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal from the judgment under Indictment No. 171/96. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.