Judgment, Supreme Court, New York County (Lewis Bart Stone, J), rendered November 6, 2008, convicting defendant, after a jury trial, of two counts of robbery in the first degree and two counts of robbery in the second degree, and sentencing him to an aggregate term of seven years, unanimously affirmed.
The testimony of the victim of a nearby and contemporaneous uncharged robbery was properly admitted as it was inextricably linked with the charged robberies (see People v Vails, 43 NY2d 364, 368-369 [1977]; People v Gines, 36 NY2d 932 [1975]; People v Pettaway, 30 AD3d 257, 258 [2006], lv denied 7 NY3d 816 [2006]). The charged and uncharged robberies overlapped in time and were essentially part of a single event. The challenged testimony thus helped to explain the events to the jury and provide a believable context for testimony about the robbers’ *486 behavior in moving back and forth. The court’s limiting instruction minimized any prejudicial effect.
Defendant’s uncharged crimes argument relating to certain physical evidence is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.
After sufficient inquiry, the court properly determined that a juror’s innocuous, one-word compliment to a police witness in a courthouse elevator did not render the juror grossly unqualified. The juror revealed that he meant he had been impressed by the witness’s “delivery,” and that he did not realize he had violated the court’s instructions concerning jury behavior. The juror unequivocally stated that he had formed no opinion, could remain impartial, and would follow the court’s instructions thereafter (see People v Taveras, 224 AD2d 461, 462 [1996], lv denied 88 NY2d 970 [1996]). Concur—Saxe, J.P., Nardelli, Buckley, Acosta and Freedman, JJ.