■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMESH KHUDAN, Appellant. [895 NYS2d 752]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered October 6, 2006, convicting him of attempted assault in the first degree, reckless endangerment in the second degree, resisting arrest, and assault in the second degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of the four counts of assault in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt (*see People v Gonzalez,* 91 NY2d 909 [1998]; *People v Lindsey,* 52 AD3d 527 [2008]; *People v Campbell,* 157 AD2d 738 [1990]; *People v Kent,* 143 AD2d 278 [1988]). Further, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of attempted assault in the first degree beyond a reasonable doubt (*see People v Morales,* 245 AD2d 530 [1997]; *People v Guerrero,* 150 AD2d 489 [1989]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon review of the record, we are satisfied that the verdict of guilt on the charges of attempted assault in the first degree and assault in the second

degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Holmes*, 12 AD3d 532 [2004]; *People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Dickerson, Belen and Roman, JJ., concur.