OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In this case the court, without request from the defendant, charged the jury that no adverse inference could be drawn from the defendant’s failure to testify at the trial. At the conclusion of the charge defendant objected to the court’s submission of this instruction absent a request from the defendant to do so.
Under CPL 300.10 (subd 2), the court "must deliver” a "no inference” charge to the jury when requested by the defense (People v Britt, 43 NY2d 111). We do not read the statute conversely as establishing an absolute prohibition against the court exercising its discretion in submitting such a charge without a request from the defendant. This discretion, however, should be rarely exercised, since defense counsel, as a tactical matter, in many cases, may wish the charge not given.
Additionally, because of the significant difference from the standpoint of a defendant between the denial of a request for the "no inference” charge and the giving of that charge without request, there is a difference as to the availability of harmless error analysis. Where the request for the charge has been denied there can be no harmless error (People v Britt, supra). Where, however, as here the charge was given without request, there may be an application of the constitutional harmless error doctrine (People v Crimmins, 36 NY2d 230, 237). In this case, since the proof of defendant’s guilt was overwhelming, the error committed in submitting the charge, if even it be, was harmless.
We also reject defendant’s argument that the trial court *858 erred in denying defendant’s motion to reopen the Wade hearing, since the court, having heard the testimony of the identifying officer, found that the identification was untainted by his observation of defendant’s photograph and was based instead on his independent recollection (People v Ramos, 42 NY2d 834, 835).