■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICK REID, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered July 23, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements given by the defendant to the police.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

We agree with the hearing court's determination that the stopping of the defendant's van by the police was based upon reasonable suspicion (see, CPL 140.50 [1]; People v De Bour, 40 NY2d 210, 223) in that the van and its driver matched a description given to the police by witnesses who had seen the van at the time of the homicide. The van was stopped in close proximity in time and place to the commission of the crime (see, People v Rivera, 124 AD2d 682). Moreover, under the circumstances, and, in view of the fact that the police acted after having received a radio transmission stating that the driver of the van was a possible suspect in a homicide, it was proper for the police to direct the defendant to exit the van without first questioning him in order to insure that he was not armed (see, People v Pitt, 110 AD2d 723, cert denied 474 US 922; People v Brooks, 88 AD2d 451). We therefore reject the defendant's contention that his statements which were voluntarily given to the police after the administration of Miranda warnings should be suppressed as the fruits of an unlawful seizure (see, Wong Sun v United States, 371 US 471, 488).

We have, however, reviewed the defendant's contention that he was denied a fair trial due to cumulative errors and find that the judgment should be reversed and a new trial ordered as a matter of discretion in the interest of justice. Although

many of the errors were not preserved for appellate review, we find that reversal is warranted in light of the less than overwhelming evidence of the defendant's guilt.

It was improper for the prosecutor to try to circumvent the court's *Sandoval* ruling barring reference to the defendant's aliases by eliciting this information through the cross-examination of the defendant's girlfriend *(see, People v Malphurs,* 111 AD2d 266, 269, *lv denied* 66 NY2d 920; *People v Bannerman,* 110 AD2d 706).

Further, in his opening statement, the prosecutor stated that Felicia Carolina would testify that "she heard things like firecrackers go on about midnight * * * that she looked outside; that she saw a man, the defendant, fire two shots, that she then saw the defendant fire four more shots and at no time will she tell you that during the firing of those six shots did she hear any other weapons going off". The People, however, failed to produce Carolina as a witness. Although where the prosecutor fails to produce a witness which he referred to in his opening statement "the general rule is that, absent bad faith or undue prejudice, a trial will not be undone" *(People v De Tore,* 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York,* 419 US 1025), and while we do not find any evidence of bad faith on the part of the prosecutor, we, nevertheless, find that, under the circumstances of this case, the reference to Carolina unduly prejudiced the defendant *(see, People v Cruz,* 100 AD2d 882, 883).

In addition we find that the court's comments addressed to the defendant's failure to take the witness stand were improper. The court charged, *inter alia,* "the law has given him the right in effect to say to the prosecution, prove your case against me. It is my judgment that the situation is such that I elect not to take the witness stand, and the law gives me that right and that privilege". We find that these remarks drew the jury's attention to the defendant's silence and implied that his decision not to testify was a tactical maneuver rather than the exercise of a constitutional right *(see, People v Concepcion,* 128 AD2d 887, *appeal withdrawn* 69 NY2d 1002).

Also, under the facts of this case the failure of the trial court to give a charge on circumstantial evidence was prejudicial error. "The fact that no exception was taken to the charge as given and that no request to charge was made ' "is of no moment * * * where a [homicide] conviction is founded upon an erroneous charge" ' (see *People v Benjamin,* 47 AD2d 861, 862)"; *(People v Bernardo,* 83 AD2d 1, 3).

We also note that the court's comments which prefaced its justification charge were inappropriate. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.