■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD STACK, Appellant.

The evidence adduced at trial establishes that, on September 11, 1985 at 1:50 A.M., the defendant was stopped after Police Officer Andrew Schnider, on duty with the Alcohol Safety Patrol, observed the defendant's vehicle, with one unlit taillight, make a "rolling stop" at each of two stop signs and weave back and forth from the right to the center portion of the roadway. Officer Schnider testified that the defendant staggered when he exited his vehicle and that his eyes were bloodshot and glassy. Officer Schnider also testified that he detected the odor of alcohol when the defendant produced his license and that, *inter alia,* the defendant was unable to touch his finger to his nose as requested. In response to an investigative inquiry, the defendant stated he had just left a bar. Other evidence in the case indicates that the defendant had consumed two beers at a particular bar, although over what period of time and how long before his arrest were the subject of conflicting evidence. After his arrest, the defendant refused to take a breathalyzer test *(see,* Vehicle and Traffic Law § 1194), asserting that he wanted a phlebotomist to draw a blood sample. The defendant did not testify at the trial. At the conclusion of the evidence, the defendant made no requests to charge.

Both driving while "intoxicated" *(see,* Vehicle and Traffic Law § 1192 [3]) and the lesser included offense *(see, People v Ottomanelli,* 107 AD2d 212, *lv denied* 66 NY2d 617) of driving while "impaired" *(see,* Vehicle and Traffic Law § 1192 [1]) were submitted to the jury. The County Court defined "intoxication" as the voluntary consumption of sufficient alcohol to "restrict" the ability to think and act clearly and instructed the jury that a person is intoxicated when he has lost, "even in part", control of the mental and physical facilities necessary to give the attention and care to the operation of an automobile that a person of reasonable prudence and intelligence would give. It instructed the jury that a person's ability to drive is "impaired" when he has voluntarily consumed alcohol to such an extent as to "diminish or reduce" his ability to operate the motor vehicle, "even in the slightest degree". Notwithstanding that the defendant made no requests to charge, the County Court also instructed the jury that it was to draw no unfavorable inferences from the defendant's failure to testify. The defendant took no exceptions to the charge as given.

During the course of its deliberations, the jury requested, *inter alia,* that the County Court reinstruct it as to the difference between the two offenses under its consideration. In

response, the County Court merely repeated the definitions of "impairment" and "intoxication" previously given. The jury ultimately convicted the defendant of the greater offense of driving while intoxicated. The County Court found the defendant guilty of an equipment violation but acquitted him of two charges of failing to stop at a stop sign. Among the contentions the defendant makes on appeal are that the evidence was insufficient to sustain the jury verdict, mandating reversal and dismissal of the charge of operating a motor vehicle while intoxicated as a felony, and, alternatively, that the County Court's erroneous instructions to the jury require reversal and a new trial.

Viewing the evidence in a manner most favorable to the People, and indulging in all reasonable inferences in their favor, we conclude that the evidence is legally sufficient to sustain the conviction *(cf., People v Ottomanelli, supra),* and, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). We therefore decline to dismiss the charge of operating a motor vehicle while intoxicated as a felony. However, a new trial is warranted in the interest of justice.

In 1979, the Court of Appeals held that the failure of the Legislature to specify the difference between driving while intoxicated and driving while impaired did not render Vehicle and Traffic Law § 1192 (1) and (3) unconstitutionally vague *(People v Cruz,* 48 NY2d 419, *appeal dismissed* 446 US 901). The Court of Appeals made clear, however, that a person violates Vehicle and Traffic Law § 1192 (1) when the voluntary consumption of alcohol has impaired "to any extent" *(People v Cruz, supra,* at 427) his or her physical and mental abilities to properly operate an automobile and that, in contrast, intoxication is a greater degree of impairment, reached when a driver has voluntarily consumed alcohol "to the extent that" he or she is "incapable" of employing those physical and mental abilities *(People v Cruz, supra,* at 428). In this case, the County Court's instructions, apparently premised on the "outdated" sample definitions of "intoxication" and "impairment" contained in pattern criminal jury instructions *(see, People v Cruz, supra),* conveyed to the jury that any partial impairment of the ability to drive could constitute a violation of the more serious offense of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]).

The People concede that County Court's instruction to the jury regarding the degree of impairment necessary to support a finding that the defendant was intoxicated was erroneous.

They also tacitly acknowledge that, unless a defendant requests that the jury be informed that no unfavorable references can be drawn from his or her failure to testify, such an instruction should not be given *(cf.,* CPL 300.10 [2]; *People v Vereen,* 45 NY2d 856). However, in addition to asserting that we should not reach the merits, the People contend that, because the evidence was sufficient to sustain the verdict, reversal and a new trial are not required.

The record discloses no basis warranting the rare exercise of discretion which interferes with what is generally a defendant's tactical decision to withhold from the jury an instruction concerning his or her failure to testify *(cf., People v Vereen, supra).* Whether the County Court's *sua sponte* instruction by itself mandates reversal in this case need not be determined. By virtue of its erroneous instruction on the standards applicable to substantive violations of Vehicle and Traffic Law § 1192, the defendant was effectively deprived of his right to have the jury determine the degree to which, if any, his ability to drive was impaired by his consumption of alcohol *(cf., People v Ottomanelli, supra).* The proof that the defendant was intoxicated rather than impaired is not overwhelming and we conclude that this fundamental error requires reversal and a new trial, notwithstanding the defendant's failure to object to the charge as given.

In view of our determination that a new trial is required, we do not address the defendant's remaining contentions. Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.