■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v McCoy V. CARLTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered September 24, 1985, convicting him of robbery in

the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The 16-year-old victim of the instant armed robbery had an adequate opportunity to observe the defendant under good viewing conditions at the scene of the crime. He subsequently identified a photograph of the defendant from a photographic array. The photographs displayed were "sufficiently similar so as not to create a substantial risk of misidentification" *(People v Grant,* 130 AD2d 589, *lv denied* 70 NY2d 647). Nor was the defendant's photograph distinctive in content or manner of display *(see, People v Cicero,* 119 AD2d 687, *lv denied* 68 NY2d 666; *see also, People v Magee,* 122 AD2d 227). Similarly, the complainant's subsequent lineup identifications of the defendant were not tainted by any undue suggestiveness *(see, People v Smith,* 140 AD2d 647; *People v Rodriguez,* 124 AD2d 611). As the identification procedures were not unduly suggestive, the complainant's identification testimony was properly received at trial *(see, People v Nurse,* 142 AD2d 738; *People v Jackson,* 108 AD2d 757). Moreover, the complainant's identification of the defendant was not improperly bolstered by the fact that he testified that he had identified his assailant in two lineups *(People v Benneman,* 112 AD2d 941), and the subsequent testimony of the various police officers similarly did not constitute bolstering *(see, People v Brown,* 115 AD2d 485, *lv denied* 67 NY2d 760; *People v Rhone,* 115 AD2d 669).

Additionally, the defendant was not deprived of a fair trial by the court's charge. Although the court did instruct the jury that no negative inferences were to be derived from the defendant's decision not to testify without any request by the defendant for this charge *(see, People v Vereen,* 45 NY2d 856), reversal of the judgment is not warranted as there is no reasonable probability that the error contributed to the defendant's conviction and thus, the error was harmless beyond a reasonable doubt *(People v Vereen,* 45 NY2d 856, *supra; see also, People v Kimbrough,* 134 AD2d 618, *lv denied* 70 NY2d 1007).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.