■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT MANNERY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered October 14, 1986, convicting him of criminal sale of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and as a matter of discretion in the interest of justice, and a new trial is ordered. No questions of fact have been raised or considered.

The trial court's *Sandoval* ruling, permitting the prosecutor to cross-examine the defendant with respect to the underlying facts of a drug-related felony conviction, did not constitute an improvident exercise of discretion. A prosecutor is not automatically precluded from asking questions concerning similar

crimes. "The fact that [a] defendant may specialize in one type of criminal activity should not shield him from impeachment with prior convictions" *(People v Cherry,* 106 AD2d 458; *see also, People v Pavao,* 59 NY2d 282, 292).

However, the trial court committed reversible error with respect to its comments to the jury concerning the defendant's failure to take the witness stand. Here, as in *People v Fehr* (150 AD2d 601, 602), "[t]he trial court's instructions, which included language virtually identical to that condemned in *People v Reid* (135 AD2d 753) and *People v Concepcion* (128 AD2d 887, *lv denied* 69 NY2d 1002), went far beyond the statutory dictates of CPL 300.10 (2) and effectively allowed the jury to draw an unfavorable inference against the defendant by virtue of his decision not to testify *(see, People v [Jimmy] Soto,* 146 AD2d 657; *People v Morris,* 129 AD2d 591)." Given the length of the charge and the likelihood that the defendant's decision to remain silent was viewed as a "tactical maneuver" rather than the exercise of a constitutional right, such error cannot be deemed harmless *(People v Concepcion, supra,* at 888; *People v Fehr, supra).* Although the defendant failed to object to the foregoing instruction, an objection was not required to preserve the error for appellate review *(see, People v Ahmed,* 66 NY2d 307, 310, *rearg denied* 67 NY2d 647; *People v Williams,* 150 AD2d 628). Accordingly, the defendant is entitled to a new trial. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.