■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN RUSCITTI, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Meehan, J.), rendered July 28, 1983, convicting him of murder in the second degree, grand larceny in the third degree (two counts) and criminal possession of a forged instrument in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Ritter, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant was convicted of murdering 74-year-old Hilda Terhune and taking sums of money from her by cashing forged checks against her bank account.

The defendant's assertion that he was improperly advised of his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436) and therefore did not waive his right to have an attorney present during questioning by the police is contrary to the record which clearly demonstrates that Police Officer Ferraiuolo properly administered the *Miranda* warnings. The defendant acknowledged that he understood the warnings and waived his right to remain silent and to have a lawyer present.

The defendant further asserts that he requested an attorney, and that questioning by the police and District Attorney which took place after the request should have been suppressed. Even assuming, arguendo, that the defendant's statement that, "I believe I should get an attorney. I think I'll call Derrigo" constituted an unequivocal statement of his intention to retain counsel *(see, People v Hicks,* 69 NY2d 969), the record demonstrates that that statement was made long after his incriminating statements to both the police and the District Attorney were made. Therefore, this claim is without merit.

The defendant's assertion that the court erred by giving a no inference charge (see, CPL 300.10 [2]) is unpreserved for appellate review since he failed to object to the charge (CPL 470.05 [2]). In any event, the defendant was not deprived of a fair trial by the court's charge. Although the court, in the absence in a request, did instruct the jury that no negative inferences were to be derived from the defendant's decision not to testify (see, People v Vereen, 45 NY2d 856), the error was harmless (see, People v Vereen, supra; People v Carlton, 146 AD2d 641).

Furthermore, it is firmly established that a claim of ineffective assistance of counsel may not be premised solely upon trial counsel's unsuccessful employment of a trial strategy (see, People v Sullivan, 153 AD2d 223, 227; People v Baldi, 54 NY2d 137). Viewing counsel's over-all performance in light of the strength of the prosecution's case and the applicable law, we conclude that the defendant was afforded meaningful representation at trial (see, People v Rivera, 71 NY2d 705; People v Benn, 68 NY2d 941).

We have reviewed the defendant's remaining contentions including those contained in his supplemental pro se brief, and find them to be unpreserved for appellate review or without merit (see, People v McNair, 137 AD2d 626; People v De Lucia, 20 NY2d 275; see also, People v De Bour, 40 NY2d 210). Mangano, P. J., Rubin, Rosenblatt and Miller, JJ., concur.