■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND STROBERT, Appellant.—Judgment of Supreme Court, New York County (William J. Davis, J.), rendered June 9, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and

sentencing defendant, as a predicate felony offender, to concurrent terms of 4½ to 9 years in prison, unanimously affirmed.

Defendant, convicted of criminal sale of a controlled substance in the third degree on evidence that undercover officers observed him selling heroin to a third person, argues on appeal that the court's charge to the jury, wherein the court charged on defendant's election not to testify but refused to instruct that mere presence at the scene of a crime does not establish guilt, constituted error requiring a new trial.

While the court seemingly violated CPL 300.10 (2) by instructing the jury concerning defendant's failure to testify in the absence of a request for such an instruction from defense counsel, any error, if any, should be viewed as harmless in light of the overwhelming evidence and the fact that defense counsel on summation commented on defendant's failure to testify. *(See, People v Vereen,* 45 NY2d 856; *People v Crimmins,* 36 NY2d 230, 237.)* Similarly, the court's refusal to charge that defendant's mere presence at the scene of the crime, without more, is not sufficient to find defendant guilty was not error; defendant was observed by the police possessing the drugs and passing the drugs to a buyer in exchange for cash, and no issue of accessorial liability, the usual predicate for such a charge, was presented at trial. Concur—Ross, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.