■ The People of the State of New York, Respondent, v Barry Morris, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered March 10, 1988, convicting him of attempted aggravated assault upon a police officer (two counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted after being identified by two police officers as the man who shot at them as they attempted to stop him for questioning with respect to a prior reported crime. He contends that a missing witness charge should have been given because an individual who had identified him was not called as a witness by the prosecution. This contention is without merit as the People met their burden of establishing that the witness's testimony, although relevant, would have been cumulative to other evidence *(see, People v Gonzalez,* 68 NY2d 424, 428).

The defendant's contention that the trial court erred in instructing the jury to draw no inference from his failure to testify *(see,* CPL 300.10 [2]), is unpreserved for appellate review, as he did not register any objection to the charge at the time it was given *(see,* CPL 470.05 [2]). In any event, the charge as given by the trial court was a simple neutral statement that did not unduly emphasize the defendant's silence, so as to impinge on his constitutional right against

self-incrimination and deprive him of a fair trial *(see, People v Ruscitti,* 163 AD2d 431; *People v Priester,* 162 AD2d 633).

The defendant's further contention that he was deprived of a fair trial by virtue of the reference to him by the two complainant police officers as resembling a suspect in a prior crime is without merit. This testimony was relevant to put into context the police action in attempting to stop the defendant for questioning *(see, People v Molineux,* 168 NY 264; *People v Brockington,* 126 AD2d 655). Moreover, the reference was limited, indicating only that the defendant matched the general description of a perpetrator of the prior crime, and not that he was the perpetrator.

We have considered the defendant's remaining contention and find it to be without merit. Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.