■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN WILKINS, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Groh, J.), rendered February 28, 1990, convicting him of robbery in

the second degree under Indictment No. 2860/89, upon a jury verdict, and imposing sentence, (2) an amended judgment of the same court, also rendered February 28, 1990, revoking a sentence of probation previously imposed by the same court under Indictment No. 4400/87, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of criminal sale of a controlled substance in the third degree and (3) a judgment of the same court, rendered May 8, 1990, convicting him of robbery in the second degree under Indictment No. 3170/89, upon his plea of guilty, and imposing sentence.

Ordered that the judgments and amended judgment are affirmed.

The defendant claims that he was deprived of a fair trial on Indictment No. 2860/89 because the trial court explained to the jury during the preliminary instructions that the defendant would have the opportunity to present witnesses if he desired to do so, and later on, explained that certain adjournments following the presentation of the People's case were being granted in order to afford the defendant an opportunity to produce witnesses. However, this contention is unpreserved for appellate review, as no objection was made to these comments (see, CPL 470.05 [2]; *People v Morton*, 117 AD2d 631; *cf., People v Autry*, 75 NY2d 836). In any event, we find that the court's remarks were not so prejudicial as to prevent the jury from reaching an impartial verdict, especially in light of the court's final charge, which emphasized the presumption of innocence and that the defendant had no burden to present a defense (see, *People v Melendez*, 158 AD2d 720).

The defendant also asserts that the trial court erred by delivering an unrequested instruction to the jury that it could not draw any unfavorable inference from the defendant's failure to testify (see, CPL 300.10 [2]). However, this contention is also unpreserved for appellate review because no objection was made to the charge as given (see, CPL 470.05 [2]; *People v Autry, supra; People v Ruscitti*, 163 AD2d 431). In any event, although the record does not reflect what requests were made during the charge conference, we note that the instruction was short and mirrored the statutory text (see, 1 CJI [NY] 7.05). In no way did the court imply that the defendant should have testified or that he refrained from doing so as a tactical maneuver (cf., *People v Whipple*, 155 AD2d 494; *People v Mannery*, 151 AD2d 697; *People v Williams*, 150 AD2d 628; *People v Concepcion*, 128 AD2d 887). Thus, under the circum-

stances of this case, any error was harmless *(see, People v Vereen,* 45 NY2d 856; *People v Ruscitti, supra).*

We also reject the defendant's argument that he was deprived of the effective assistance of counsel. Viewing defense counsel's performance in its entirety, we conclude that the defendant was afforded meaningful representation *(see, People v Rivera,* 71 NY2d 705).

In light of our determination, the defendant's contention that a reversal of the judgment rendered upon Indictment No. 2860/89 would require vacatur of the amended judgment rendered upon Indictment No. 4400/87 and the judgment rendered on Indictment No. 3170/89, is academic. Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.