■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRAD MCPHERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered April 4, 1990, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On January 17, 1989, at approximately 11:30 A.M., the complainant was sitting in the bedroom of his apartment located at 814 Albany Avenue in Brooklyn. Suddenly, a man, identified by the complainant at trial as the defendant, appeared in the doorway of his bedroom. The two were face to face for approximately 30 seconds. The defendant apologized, began walking backwards out of the apartment, and down three flights of stairs. The complainant followed at a distance of about eight feet continuing to look at the defendant's face.

When the defendant reached the bottom of the stairs, he fled from the building. The complainant returned to his apartment to get dressed, and went outside to search for the defendant in his car. After driving around the area for approximately 20 minutes, he spotted the defendant on the corner of 39th Street and Linden Boulevard. He located two police officers sitting in a marked patrol car, reported the burglary, and directed them to where he had seen the defendant. He then pointed out the defendant as the man who had been in his apartment. The police arrested the defendant as he was loading stolen property from another apartment into a taxicab.

The defendant's primary contention on this appeal is that the court deprived him of a fair trial by commenting during its preliminary instructions to the jury that he would have the opportunity to testify if he desired to do so, and by asking the defense counsel at the close of the People's case, in the presence of the jury, whether the defendant was going to testify or call witnesses. In addition, during its final instructions, the court charged the jury, without request from the defendant, that no unfavorable inference could be drawn against him because of his failure to testify at trial. The defendant did not register an objection to the charge as given, or object to any of the comments made earlier by the court. Under the circumstances, his contention that he was deprived of a fair trial by these remarks, and by the unrequested no adverse inference instruction, is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, we find that the

court's remarks were not so prejudicial as to prevent the jury from reaching a reasoned and an impartial verdict *(see, People v Wilkins,* 176 AD2d 976). The proof of the defendant's guilt in this case was overwhelming. Thus the court's error, if any, in making the comments and giving the unrequested charge was harmless *(see, People v Vereen,* 45 NY2d 856).

We also find that the sentence imposed by the court was not excessive *(see, People v Suitte,* 90 AD2d 80).

Finally, we have considered the contention raised in the defendant's supplemental *pro se* brief and find it to be without merit. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.