■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR CAMACHO, Appellant. [618 NYS2d 842] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered February 22, 1993, convicting him of endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The People did not establish a legally sufficient case to justify the defendant's conviction for the crime of endangering the welfare of a child under Penal Law § 260.10. The defendant was the "stepfather" of a twelve-year-old girl and resided

in the household with the girl's mother, the girl, and the girl's fifteen-year-old brother.

Taken in its strongest possible light, the proof established, as testified to by the girl, that on a number of occasions over a 19-month period, the defendant kissed her on the neck, that she had told him to stop, and that "sometimes" he stopped. She did not tell anyone about it because he told her that if she told anyone he would go to jail and she would not see him again. On the last such occasion, which precipitated the defendant's arrest, the girl's brother saw the defendant kissing her on the back while she was in bed. Both the defendant and the girl were clothed. The brother called the police, and following a Grand Jury presentation the defendant was indicted for 34 counts of sexual crimes against the girl, including attempted rape, sodomy, and sexual abuse, and one additional count of endangering the welfare of a child.

The prosecutor in his opening statement forecasted what he expected to be the proof to support the charges alleged in the indictment. Because there was a complete failure of proof to support any of the 34 sex crime counts, the court dismissed all 34 of those counts, and submitted only the endangering count to the jury. While we impute no bad faith to the People in presenting the opening statement, the fact is that it was entirely unfulfilled and undoubtedly influenced the jury. The import and impact of this opening statement was so considerable that it would, under other circumstances, call for reversal and remand for a new trial (see, People v Cruz, 100 AD2d 882; People v Reid, 135 AD2d 753; see generally, De Vito v Katsch, 157 AD2d 413, 419, n 6) were it not for the inadequacy of the proof to support the endangering charge. Even though the trial court accorded the prosecutor wide latitude in asking leading questions of the girl, the testimony does not satisfy the elements of that crime, even when considered in a light most favorable to the prosecution. Thompson, J. P., Balletta, Rosenblatt, Santucci and Florio, JJ., concur.