■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HAMMON, Appellant. [620 NYS2d 283] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patterson, J.), rendered February 19, 1992, convicting him of burglary in the second degree, criminal mischief in the fourth degree, and attempted petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony as well as statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant's claim that he was deprived of a fair trial by the court's instructions regarding his failure to testify is not preserved for appellate review (see, People v Odome, 192 AD2d 725). "In the case of a charge error implicating defendant's right against self-incrimination, the exception to the preservation requirement may be invoked only where the language of the charge expressly or at least unambiguously conveys to the jury that the defendant should have testified" (People v Autry, 75 NY2d 836, 839). The charge error alleged in the case before us was not of that character.

In any event, any error committed by the court was harmless in light of the overwhelming evidence of the defendant's guilt (see, People v McPherson, 182 AD2d 714).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.