■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO RODRIGUEZ, Appellant. [631 NYS2d 842] —Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered July 7, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second violent felony offender, to a term of 5¹/₂ to 11 years, unanimously affirmed.

None of defendant's points on appeal warrant reversal. Viewed in a light most favorable to the People (*People v Contes*, 60 NY2d 620, 621), the evidence that the undercover officer purchased two vials of crack from defendant during daylight hours in a face-to-face transaction that lasted 2 to 3 minutes and identified defendant as the seller moments later in a drive-by confirmation, and that $5 of the $10 of prerecorded

buy money that the undercover officer gave defendant was recovered from him upon his arrest, was more than sufficient to prove defendant's guilt. The inconsistencies in the People's case pointed out by defendant raise issues of credibility that were properly placed before the jury and there is no basis to disturb its determination.

The court's *Sandoval* ruling, which permitted the People to elicit that defendant had twice been convicted of felony gun possession charges, but without mention that in one case drugs were found in the apartment where he was arrested, and also of another felony and a misdemeanor, but without mention that the former was for bail jumping and the latter for drug possession, ensured that the jury would not infer that defendant had a propensity to commit drug-related crimes, and was otherwise a proper exercise of discretion.

The court properly dismissed a prospective juror whose voir dire showed an inability to understand the court's question as to whether the conversations she had had with a police officer would affect her impartiality (*see, People v Guzman*, 76 NY2d 1, 5). Defendant's further claim that he was deprived of an impartial jury because of comments made by two other prospective jurors during jury selection, one to the effect that defendant looked like a man who had robbed her, and the other to the effect that a friend, a narcotics officer, told her that her work placed her in great danger, is unpreserved for appellate review as a matter of law, and in any event without merit inasmuch as the purpose of voir dire is to explore potential biases of prospective jurors, and each of these prospective jurors was promptly excused from service.

Also unpreserved, and without merit, is defendant's complaint concerning the court's unrequested adverse inference charge. CPL 300.10 (2) is not an "absolute prohibition against the court exercising its discretion [albeit rarely] in submitting such a charge without a request from the defendant" (*People v Vereen*, 45 NY2d 856, 857), and the error, if any, was harmless in that the unrequested instruction was short and was given prior to jury selection. The court did not imply that defendant should have testified or that he refrained from doing so as a tactical maneuver (*People v Wilkins*, 176 AD2d 976, *lv denied* 79 NY2d 833). Besides, he did testify.

Rebuttal testimony concerning a contemporaneous uncharged sale was properly admitted since offered to disprove an affirmative fact that defendant had tried to prove on direct examination, namely, that he was a buyer, not a seller, of drugs, and that the $5 of prerecorded buy money recovered

from him was the change he had received in making a purchase (*People v Harris*, 57 NY2d 335, 345, *cert denied* 460 US 1047).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Asch, JJ.