Wayne McCOLLY, Petitioner,

v.

Charles BRUNELLE, Superintendent, Wyoming Correctional Facility, Respondent.

No. 96–CV–621H.

United States District Court, W.D. New York.

May 13, 1997.

Wayne McColly, Attica, NY, pro se.

Susan D. Nusbaum, Asst. Dist. Atty., Kevin M. Dillon, Erie County Dist. Atty., Buffalo, NY, for Respondent.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

The parties have consented pursuant to 28 U.S.C. § 636(c)[1] to have the undersigned conduct any and all further proceedings in this petition for habeas corpus relief under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition. For the following reasons, respondent's motion is granted.

### BACKGROUND

On October 12, 1990, petitioner was charged by the Erie County Grand Jury in a five-count indictment with murder in the second degree under N.Y.Penal Law § 125.25(2),[2] reckless endangerment in the first degree under N.Y. Penal Law § 120.25,[3] criminal possession of a weapon in the second degree under N.Y.Penal Law § 265.03,[4] criminal possession of a weapon in the third degree under N.Y.Penal Law § 265.02(4),[5] and unlawful possession of marihuana under N.Y.Penal Law § 221.05.[6] These charges arose out of the fatal shooting of Xavier Parks on August 26, 1990 in Buffalo, New York.

On June 24, 1991, following a four-day jury trial before New York State Supreme Court Justice Julian F. Kubiniec, petitioner was found not guilty of second degree murder, but guilty of the lesser included offense of second degree manslaughter (T. at 488).[7] Petitioner was also found guilty of criminal possession of a weapon in the second and third degrees, and unlawful possession of marihuana. He was acquitted of the reckless endangerment charge (id.).

On August 2, 1991, Justice Kubiniec sentenced petitioner to consecutive indeterminate prison terms of 5 to 15 years each on the convictions for second degree manslaughter and second degree criminal possession of a weapon, and a concurrent term of 2 to 6 years on the conviction for third degree criminal possession of a weapon. Judge Kubiniec also fined petitioner $100 for the conviction on the charge of marihuana possession (S. at 5–6).[8]

Petitioner appealed his conviction to the Appellate Division, Fourth Department. He made the following arguments on appeal:

1. In the charge to the jury, the trial judge improperly emphasized petitioner's failure to testify;

1. On the order of reference signed by Hon. William M. Skretny and dated March 26, 1997, the parties executed the portion of the form which provided for optional election of appeal from the entry of judgment by the magistrate judge to the district court, pursuant to 28 U.S.C. § 636(c)(4). However, on October 19, 1996, Congress passed § 207 of the Federal Courts Improvement Act of 1996, which eliminated the option of appeal to a district judge from entry of judgment by a magistrate judge. See Pub.L.No. 104–317, 110 Stat. 3847 (October 19, 1996).

2. N.Y.Penal Law § 125.25(2) provides:
 A person is guilty of murder in the second degree when ... [u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person.... Murder in the second degree is a class A–I felony.

3. N.Y. Penal Law § 120.25 provides:
 A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person. Reckless endangerment in the first degree is a class D felony.

4. N.Y. Penal Law § 265.03 provides:

A person is guilty of criminal possession of a weapon in the second degree when he possesses a machine-gun or loaded firearm with intent to use the same unlawfully against another. Criminal possession of a weapon in the second degree is a class C felony.

5. N.Y. Penal Law § 265.02(4) provides:
 A person is guilty of criminal possession of a weapon in the third degree when ... [h]e possesses any loaded firearm. Such possession shall not, except as provided in subdivision one, constitute a violation of this section if such possession takes place in such person's home or place of business.... Criminal possession of a weapon in the third degree is a class D felony.

6. N.Y. Penal Law § 221.05 provides:
 A person is guilty of unlawful possession of marihuana when he knowingly and unlawfully possesses marihuana. Unlawful possession of marihuana is a violation punishable only by a fine of not more than one hundred dollars....

7. References preceded by "T." are to pages of the trial transcript, submitted as part of Exhibit A to respondent's answer (Item 6).

8. References preceded by "S." are to pages of the transcript of sentencing proceedings, submitted as part of Exhibit A to respondent's answer (Item 6).

2. The trial judge failed to instruct the jury on the defense of justification; and,

3. The trial judge improperly imposed consecutive sentences for the crimes of manslaughter in the second degree and criminal possession of a weapon in the second degree.

(*see* Brief for Appellant, Item 6, Ex. B).

On October 7, 1992, the Fourth Department unanimously affirmed petitioner's conviction. *People v. McColly*, 186 A.D.2d 1009, 590 N.Y.S.2d 820 (4th Dept.1992). The court found that petitioner did not preserve for review his contention that the trial judge committed error in elaborating on petitioner's failure to testify. The court also commented that if it were to reach the issue it would conclude that the charge was proper. The court likewise found that petitioner failed to preserve for review his contention that the trial judge erred in not. charging the jury on justification. Finally, the court found that the trial judge properly imposed consecutive sentences for the crimes of manslaughter in the second degree and criminal possession of a weapon in the second degree. *Id.*, 186 A.D.2d at 1009, 590 N.Y.S.2d at 820–21. On December 23, 1992, the New York State Court of Appeals denied leave to appeal. *People v. McColly*, 81 N.Y.2d 764, 594 N.Y.S.2d 727, 610 N.E.2d 400 (1992).

Petitioner relies on these same grounds in his petition for habeas corpus relief. Respondent moves to dismiss the petition. According to respondent, none of these claims were presented to the state court as federal constitutional issues, and the claims therefore have not been exhausted. Respondent also argues that grounds (1) and (2) are barred from habeas corpus review because of procedural default. Finally, respondent argues that petitioner's claims are without merit.

## DISCUSSION

### I. Procedural Default.

In its unanimous affirmance of petitioner's conviction, the Appellate Division found that petitioner had failed to preserve for review his claims (1) that the court committed error in elaborating on his failure to testify, and (2) that the court erred in not charging the jury on justification. The Appellate Division therefore denied these claims on the basis of petitioner's procedural default.

 When a state appellate court refuses to consider the merits of a petitioner's claims on account of his or her procedural failure to preserve the claims by objection at the time, then a federal court may not review the merits of those claims in a collateral habeas corpus proceeding, unless petitioner demonstrates both good cause for and actual prejudice resulting from the failure to object. *Rosenfeld v. Dunham*, 820 F.2d 52, 54 (2d Cir.)(citing *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982), and *Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977)), *cert. denied*, 484 U.S. 968, 108 S.Ct. 463, 98 L.Ed.2d 402 (1987); *see also Teague v. Lane*, 489 U.S. 288, 297–99, 109 S.Ct. 1060, 1068–69, 103 L.Ed.2d 334 (1989); *Vargas v. Keane*, 86 F.3d 1273, 1280 (2d Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 240, 136 L.Ed.2d 169 (1996). Cause may be established by "showing that the factual or legal basis for a claim was not reasonably available to counsel, or that 'some interference by officials' made compliance impracticable, . . . [or that] the procedural default is the result of ineffective assistance of counsel." *Murray, supra*, 477 U.S. at 488, 106 S.Ct. at 2645. To show prejudice, a habeas petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982).

 In this case, petitioner has failed to demonstrate cause for procedurally defaulting on his claims involving the trial judge's jury instructions. With respect to his claim that the trial judge impermissibly elaborated on petitioner's failure to testify, the record shows that petitioner's trial counsel requested a limiting instruction in response to the prosecutor's statement during closing argument that petitioner "did not testify and that's his right" (T. at 407; *see* T. at 418–20).

The judge gave the following curative charge:

> Ladies and gentlemen, reference was made in summations by the assistant district attorney regarding the [petitioner] not taking the stand and testifying, but that he had earlier made certain statements to arresting police officers. I have instructed you that the [petitioner] is under no obligation to testify as he carries and bears no burden of proof in this case. I caution you with equal emphasis that because the [petitioner] did not testify, you must not draw any inference that because he remained silent, his earlier statements to arresting officers bear any greater weight or credibility solely because the [petitioner] has not come forward to either deny or explain those remarks. It is for you, the jury, based solely on the evidence and testimony within this case, to determine what evidence is credible, believable, and what is not, and to decide what weight, what probative value, you will ascribe to the evidence that you find believable and credible. [Petitioner]'s silence is in no way to bear influence on your deliberative process.

(T. at 470). No objection was made to this charge (*see* T. at 472). Indeed, the curative charge was given upon defense counsel's request, in accordance with § 300.10(2) of the New York Criminal Procedure Law.[9]

Even if petitioner could establish cause for his failure to object to the trial judge's curative charge on failure to testify, petitioner cannot show any actual prejudice resulting from the charge. The language challenged here accurately reflects the precept embodied by N.Y.Crim. Proc. L. § 300.10(2), despite the fact that it was more expansive than the statutory language. *See People v. Pegeise*, 195 A.D.2d 337, 337, 600 N.Y.S.2d 26, 27 (1st Dept.1993)(finding denial of fair trial where jury charge impermissibly emphasized defendant's decision not to testify and failed to instruct the jury to draw no adverse inference from that decision); *see also People v. Stinson*, 186 A.D.2d 23, 24–25, 587 N.Y.S.2d

631, 632 (1st Dept.1992)(finding that trial court's charge unacceptably exceeded statutory language and, in so doing, drew excessive attention to defendant's decision not to take the stand). Although New York appellate courts have generally required strict adherence to the language of the statute, the failure to do so is not viewed as reversible error *per se*. *People v. Vereen*, 45 N.Y.2d 856, 857, 410 N.Y.S.2d 288, 382 N.E.2d 1151 (1978); *see also Cowan v. Artuz*, 1996 WL 631726, at *14–*15 (S.D.N.Y. October 24, 1996); *People v. Ruscitti*, 163 A.D.2d 431, 432, 559 N.Y.S.2d 19, 20 (2d Dept.), *appeal denied*, 77 N.Y.2d 843, 567 N.Y.S.2d 212, 568 N.E.2d 661 (1991); *People v. Diggs*, 151 A.D.2d 359, 362, 542 N.Y.S.2d 607, 609 (1st Dept.), *appeal denied*, 74 N.Y.2d 895, 548 N.Y.S.2d 428, 547 N.E.2d 955 (1989).

▮ In addition, in order for a federal habeas court to overturn a state conviction on the basis of an erroneous jury charge, "it must be established not merely that the instruction is undesirable, erroneous or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the [constitution]." *Cupp v. Naughten*, 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973); *accord Bass v. Scully*, 1995 WL 347040, at *4 (E.D.N.Y. May 25, 1995). Even assuming *arguendo* that the charge at issue violated state law, it did not violate petitioner's rights under the Fifth Amendment. *See, e.g., Lakeside v. Oregon*, 435 U.S. 333, 341, 98 S.Ct. 1091, 1095–96, 55 L.Ed.2d 319 (1978)(holding that jury instruction stating that the defendant had the "option" of taking the stand and chose not to testify, which court gave over defendant's objection, did not violate Fifth Amendment); *United States v. Imran*, 964 F.2d 1313, 1316–18 (2d Cir.)(approving charge that stated, in part, that defendant "chose" not to take witness stand), *cert. denied*, 506 U.S. 1009, 113 S.Ct. 626, 121 L.Ed.2d 558 (1992); *United States v. Farris*, 614 F.2d 634, 643 (9th Cir.1979)(finding no prejudice where court instructed jury to consider defendant's

---

9. N.Y.Crim. Proc. L. § 300.10(2) provides, in relevant part:

> Upon request of a defendant who did not testify in his own behalf, but not otherwise, the court must state [in its charge] that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn. . . .

failure to testify "a decision by [the defendant] that the government did not maintain its burden of proof as to him"), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980); *Cowan v. Artuz, supra*, 1996 WL 631726, at *15 (no prejudice where court's charge, while more expansive than statutory language, accurately reflected the principle that no unfavorable inference may be drawn from defendant's failure to testify).

■ With respect to petitioner's claim that the trial judge failed to charge the jury on the defense of justification, the record reflects that during the charge conference defense counsel at first requested a justification instruction, but withdrew his request when the judge directed him to articulate a factual basis for the instruction (T. at 383–84). This direction was made in accordance with state law. *See People v. Padgett*, 60 N.Y.2d 142, 145, 468 N.Y.S.2d 854, 456 N.E.2d 795 (1983)(where reasonable view of the evidence supports defense of justification, the trial court should instruct the jury as to the defense and must when so requested); N.Y. Penal L. § 35.05(2)(use of physical force justified where necessary as emergency measure to avoid imminent public or private injury about to occur by reason of situation developed through no fault of actor); N.Y. Penal L. § 35.15(2)(a)(use of deadly physical force justified only where actor reasonably believes other person is about to use deadly physical force, and actor cannot retreat). The uncontradicted eyewitness testimony at trial was sufficient to establish that the victim was unarmed and did not otherwise use or threaten to use deadly physical force on petitioner, and that petitioner had the opportunity to retreat (T. at 29–30, 84–85, 111–12, 155–57, 167).

Accordingly, petitioner is unable to show cause for procedurally defaulting on his claims as to the trial judge's jury instructions, or that he suffered actual prejudice as a result of the procedural default.

■ However, a procedural default may be excused even without a showing of cause and prejudice where the habeas court's failure to consider the claims "will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *accord Murray v. Carrier*, 477 U.S. 478, 495–96, 106 S.Ct. 2639, 2649–50, 91 L.Ed.2d 397 (1986); *Washington v. James*, 996 F.2d 1442, 1447 (2d Cir.1993), *cert. denied*, 510 U.S. 1078, 114 S.Ct. 895, 127 L.Ed.2d 87 (1994). A fundamental miscarriage of justice occurs "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier, supra*, 477 U.S. at 496, 106 S.Ct. at 2649. As stated by the Second Circuit in *Washington v. James:*

> [T]he question is not whether there has been a constitutional violation, even a shockingly obvious one. As the Supreme Court has recently put it in a death penalty case, in order to show a fundamental miscarriage of justice, "one must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty]."

*Washington v. James, supra* (quoting *Sawyer v. Whitley*, 505 U.S. 333, 336, 112 S.Ct. 2514, 2517, 120 L.Ed.2d 269, *reh'g denied*, 505 U.S. 1244, 113 S.Ct. 21, 120 L.Ed.2d 948 (1992)).

In this case, petitioner has not met his burden of demonstrating by clear and convincing evidence that but for the trial judge's charge on failure to testify, or the judge's failure to charge on justification, no reasonable would have found him guilty. The proof of petitioner's guilt, including the testimony of four eyewitnesses (*see* T. at 28, 82, 113, 158), petitioner's contemporaneous statement to the police (T. at 318–27),[10] and the physical evidence, was overwhelming.

For these reasons, petitioner is not entitled to habeas corpus relief on the ground

---

10. On June 17, 1991, prior to petitioner's trial, a *Huntley* hearing was held to determine the admissibility of statements made by petitioner to police on August 20, 1990, after he had been taken into custody. *See People v. Huntley*, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965). In a memorandum decision dated June 17, 1991, Justice Kubiniec found that petitioner's statements were voluntarily given and admissible as evidence at trial (Memorandum Decision, June 17, 1991, submitted as part of Exhibit A to respondent's answer (Item 6)).

that he was denied a fair trial as a result of the trial judge's jury instructions.

## II. Consecutive Sentences.

Petitioner also claims that the trial judge improperly imposed consecutive sentences for the crimes of manslaughter in the second degree and criminal possession of a weapon in the second degree. However, a sentence imposed within the range prescribed by state law does not present a question of constitutional dimensions and therefore cannot be subject to habeas corpus review. *Underwood v. Kelly,* 692 F.Supp. 146, 152 (E.D.N.Y.1988); *Castro v. Sullivan,* 662 F.Supp. 745, 753 (S.D.N.Y.1987)(citing cases); *Rivera v. Quick,* 571 F.Supp. 1247, 1248–49 (S.D.N.Y.1983). In this case, as found by the Appellate Division, the trial court's imposition of consecutive sentences on petitioner's convictions for manslaughter and criminal possession of a weapon was proper under state law because the evidence showed that petitioner's possession of the loaded handgun with intent to use it unlawfully against another was a separate and distinct act from his reckless killing of the victim. *People v. McColly, supra,* 186 A.D.2d at 1009, 590 N.Y.S.2d at 821; *see also People v. Mabry,* 151 A.D.2d 507, 542 N.Y.S.2d 297 (2d Dept.), *appeal denied,* 74 N.Y.2d 813, 546 N.Y.S.2d 571, 545 N.E.2d 885 (1989); *People v. Robbins,* 118 A.D.2d 820, 500 N.Y.S.2d 177 (2d Dept.), *appeal denied,* 67 N.Y.2d 949, 502 N.Y.S.2d 1043, 494 N.E.2d 128 (1986).

Accordingly, petitioner is not entitled to habeas corpus relief on the ground that the trial court's imposition of consecutive sentences was improper.

### *CONCLUSION*

For the reasons set forth above, respondent's motion to dismiss **(Item 7)** is GRANTED. This petition for habeas corpus relief is DENIED, and the case is dismissed. The Clerk of the Court is directed to enter judgment in favor of respondent.

Also for the reasons set forth above, a certificate of appealability is DENIED; petitioner has failed to make a substantial show-

ing of the denial of a constitutional right. *See* 28 U.S.C. § 2253.

Also for the reasons set forth above, I hereby certify that any appeal from this order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a), and leave to appeal to the Court of Appeals as a poor person is hereby DENIED. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**