■ The People of the State of New York, Respondent, v Hector Aguirre, Appellant. [669 NYS2d 872] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered June 13, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the court erred in instructing the jury, in the absence of a request by the defendant, that no adverse inference should be drawn from the defendant's failure to testify (*see*, CPL 300.10 [2]; *People v Vereen*, 45 NY2d 856; *People v Bradshaw*, 154 AD2d 690), reversal is not required since the court's instruction was short and basically mirrored the statutory text (*see, People v Wilkins*, 176 AD2d 976) and the defendant was reasonably alerted to the proposed content of the instruction. Furthermore, the court's instruction was neutral in tone and in no way implied that "the defendant should have testified or that he refrained from doing so as a tactical maneuver" (*People v Wilkins, supra; cf., People v Mannery*, 151 AD2d 697; *People v Reid*, 135 AD2d 753; *People v Concepcion*, 128 AD2d 887). Thus, there was no reasonable possibility that the

error contributed to the defendant's conviction (*see, People v Vereen, supra*, at 857; *People v Santiago*, 187 AD2d 682; *People v Wilkins, supra; People v Bradshaw, supra*). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.