■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAYNA DONOVAN, Appellant. [871 NYS2d 349]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered June 8, 2006, convicting her of endangering the welfare of a child under indictment No. 612/05, upon a jury verdict, and imposing sentence, and (2) from an amended judgment of the same court, also rendered June 8, 2006, revoking a sentence of probation previously imposed by the same court (Wong, J.) under Superior Court information No. 1790/04 upon a finding that she had violated conditions thereof, upon her plea of guilty, and imposing a sentence of imprisonment upon her prior conviction of burglary in the third degree.

Ordered that the judgment and the amended judgment are affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Further, although the jury acquitted the defendant of burglary in the first degree, robbery in the second degree, and

other related charges, the jury verdict was not repugnant as a matter of law (*see People v Tucker*, 55 NY2d 1 [1981]). We further note that, under the circumstances, the jury was permitted to accept or reject portions of the complainant's testimony and portions of the defendant's own testimony (*cf. People v Roman*, 217 AD2d 431, 432 [1995]; *People v Green*, 113 AD2d 713, 715 [1985]). In any event, it is possible that the jury exercised mercy, which is not a ground for reversal where the verdict is not repugnant as a matter of law (*see People v Rayam*, 94 NY2d 557 [2000]; *People v Tucker*, 55 NY2d 1, 7 [1981]; *People v Martinez*, 201 AD2d 671, 672 [1994]; *People v Montgomery*, 116 AD2d 669, 670 [1986]).

In light of our determination, the defendant's contention that a reversal of the judgment rendered under indictment No. 612/05 would require reversal of the amended judgment rendered under Superior Court information No. 1790/04, is academic (*see People v Wilkins*, 176 AD2d 976, 978 [1991]). Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.