People v Chaitram (2025 NY Slip Op 50631(U))

[*1]

People v Chaitram (Michael)

2025 NY Slip Op 50631(U)

Decided on April 11, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 11, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2022-641 Q CR

The People of the State of New York, Respondent,
against
Michael Chaitram, Appellant. 

New York City Legal Aid Society (Graham Ball of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Nancy Fitzpatrick Talcott and Rebecca Nealon of counsel and Brendan Ransom under the supervision of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Joanne B. Watters, J.), rendered December 10, 2021. The judgment convicted defendant, upon a plea of guilty, of driving while intoxicated (common law), and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
After waiving prosecution by information, defendant pleaded guilty to driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]) in satisfaction of an accusatory instrument which had also charged him with driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), consumption of alcoholic beverages in certain motor vehicles (Vehicle and Traffic Law § 1227 [1]), failure to obey a traffic control device (Vehicle and Traffic Law § 1110 [a]), and operating a motor vehicle without a license (Vehicle and Traffic Law § 509 [1]). The Criminal Court (Joanne B. Watters, J.) sentenced defendant to a $1,000 fine and a conditional discharge, and the court also suspended defendant's driver's license for six months. On appeal, defendant contends that the count of the accusatory instrument which had charged him with common-law driving while intoxicated was facially insufficient as it failed to sufficiently allege the element of intoxication. 
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial [*2]insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see People v Thiam, 34 NY3d 1040 [2019]; Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Since defendant expressly waived the right to be prosecuted by information, the facial sufficiency of the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint, which can be based upon hearsay and which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]; 100.40 [4] [a]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; Dumay, 23 NY3d at 524; People v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require that the accusatory instrument contain the most precise words or phrases most clearly expressing the charges, the offense and factual bases therefor must be sufficiently alleged (see Konieczny, 2 NY3d at 575). "So long as the factual allegations of an [accusatory instrument] give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575). Where, as here, a defendant pleads guilty to one or more of the counts actually charged in a multi-count accusatory instrument, and, on appeal, raises a jurisdictional challenge, he or she need not challenge the facial sufficiency of all the counts contained in the accusatory instrument at the time the defendant entered the guilty plea; rather, he or she need only challenge the facial sufficiency of the actual count or counts to which he or she pleaded guilty (see People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see also Dumay, 23 NY3d 518).
Vehicle and Traffic Law § 1192 (3) provides: "No person shall operate a motor vehicle while in an intoxicated condition." While the statute does not provide a definition of "intoxicated," case law has held that "intoxication is a greater degree of impairment which is reached when the driver has voluntarily consumed alcohol to the extent that he is incapable of employing the physical and mental abilities which he [or she] is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (People v Cruz, 48 NY2d 419, 428 [1979]; see also People v Ardila, 85 NY2d 846 [1995]; People v McNamara, 269 AD2d 544 [2000]; People v Stack, 140 AD2d 389 [1985]). A layman, including an officer charged with administering the law, can determine whether a defendant's consumption of alcohol has rendered him or her incapable of operating a motor vehicle (see Cruz, 48 NY2d at 428). For a determination of intoxication, factors to be considered include a defendant's physical condition and appearance, balance and coordination, manner of speech, and the presence of the odor of alcohol (see People v Hohmeyer, 70 NY2d 41, 44 [1987]; People v Bowers, 201 AD2d 830 [1994]). "An accusatory instrument alleging a violation of Vehicle and Traffic Law § 1192 (3) allows for a circumstantial showing of [an] inability to operate a motor vehicle while under the influence of alcohol, without the necessity of allegations that the defendant had been observed operating his [or her] vehicle or that the vehicle had actually been operated in an erratic fashion" (People v Green, 59 Misc 3d 134[A], 2018 NY Slip Op 50490[U], *2 [App Term, 2d Dept, 2d, 11th, & 13th Jud Dists 2018] [internal quotation marks and citations omitted]; see People v Litto, 8 NY3d 692, 705 [2007]; People v Williams, 55 Misc 3d 134[A], 2017 NY Slip Op 50478[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Thus, contrary to defendant's [*3]contention, there is no requirement that the accusatory instrument contain an allegation of improper driving (see People v Fiumara, 116 AD3d 421 [2014]; Green, 2018 NY Slip Op 50490[U]; Williams, 2017 NY Slip Op 50478[U]).
Here, the accusatory instrument alleged that, on or about March 22, 2021, between 2:40 a.m. and 3:08 a.m., a police officer observed defendant, who was driving eastbound on Liberty Avenue, stop at a red light at the southwest intersection of Liberty Avenue and 106th Street, and fail to move his vehicle when the traffic light turned green. The officer further alleged that he stopped the vehicle defendant was driving, and that, upon approaching the vehicle, he observed that defendant had bloodshot watery eyes, slurred speech, and a moderate odor of an alcoholic beverage on his breath. Additionally, the officer alleged that he observed two open "White Claw" cans in the center console of the vehicle and that defendant admitted that he had drunk one or two "White Claws" in the three hours before the traffic stop. Collectively, these allegations support a reasonable inference that defendant lacked the physical and mental ability to drive as a reasonable and prudent driver due to alcohol consumption (see Williams, 2017 NY Slip Op 50478[U]; People v Granda-Vintmill, 41 Misc 3d 135[A], 2013 NY Slip Op 51879[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Hussain, 40 Misc 3d 132[A], 2013 NY Slip Op 51136[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Consequently, as the accusatory instrument alleged facts of an evidentiary character supporting or tending to support the count charging defendant with common-law driving while intoxicated (see CPL 100.15 [3]; 100.40 [4] [a]), to which he pleaded guilty, and provided reasonable cause to believe that defendant committed this offense (see CPL 100.40 [4] [b]), it was facially sufficient (see Williams, 2017 NY Slip Op 50478[U]).
Accordingly, the judgment of conviction is affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 11, 2025